## SUPREME COURT.

### LYNDE B. WARING agt. AUGUSTUS SENIOR.

*Appeal — service of notice of, too late.*

The service of notice of appeal from the special to the general term of this court, made after the expiration of the time limited for appealing, cannot be sustained, although the respondent's attorney admits due service of notice of the appeal.

If the admission of the respondent's attorney could be considered as a waiver of the irregularity as to him, it could not affect the notice served on the clerk.

*Second Judicial Department, Brooklyn General Term, December,* 1874.

BARNARD, DONOHUE *and* TAPPEN, *Justices.*

THIS was an appeal from an order made by JOSEPH F. BARNARD at special term, dismissing an appeal attempted to be taken by the defendant to the general term in this action from a judgment entered in favor of the plaintiff and against the defendant for $269.37, in Orange county clerk's office, on March 16th, 1874. The papers used on the motion, as well as the appeal, are as follows :

SUPREME COURT — ORANGE COUNTY.

| LYNDE B. WARING |   |
| agt. |   |
| AUGUSTUS SENIOR. |   |

COUNTY OF ORANGE, *ss.:* W. J. McDonald and Lynde B. Waring being severally duly sworn does each, for himself, depose and say as follows :

Waring agt. Senior.

That the said McDonald is the attorney for the plaintiff in this action, and that the said Waring is the plaintiff therein ; that said action, after issue was joined therein, was duly referred by consent to William D. Dickey, of Newburgh, N. Y., as sole referee to hear, try and decide the same ; that said action was duly tried before said referee, and after the same was duly submitted to him, he duly decided the same in favor of the plaintiff for the sum of one hundred and eighteen $\frac{90}{100}$ dollars, with interest from April 28th, 1873, and duly made and delivered his report to that effect ; that, on the 16th day of March, 1874, a judgment was duly docketed in the clerk's office of Orange county upon said report, and decision in favor of the plaintiff against the defendant for the sum of two hundred and sixty-nine $\frac{37}{100}$ dollars damages and costs ; that, on the 18th day of March, 1874, a written notice was duly served by the deponent McDonald upon Charles R. Lee, Esq., who was and is the attorney in said action for the defendant, which said notice was to the effect that said judgment had been duly entered and docketed in the clerk's office of Orange county, on said 16th day of March, 1874 ; that said Charles R. Lee, thereupon, on the said 18th day of March, 1874, duly admitted in writing the due service of said notice of entry of judgment on him ; that, on the 20th day of April, 1874, and not prior to that date, the said Charles R. Lee served a notice of appeal from said judgment to the general term of this court on said W. J. McDonald, plaintiff's attorney ; and on the same day, and not before, served a notice of appeal from said judgment on the clerk of Orange county.

That these deponents in no wise consented that such appeal might be taken, and further deponents say not.

LYNDE B. WARING.<br>W. J. McDONALD.

Sworn to before me, this 7th day of }
August, A. D. 1874. }

J. R. BUXTON, *Justice of the Peace*

And the notice of appeal, the proposed case and an admission indorsed on the notice of appeal in the following words : " I hereby admit due service of the within, this 20th day of April, 1873. Wm. John McDonald, plaintiff's attorney."

*Charles R. Lee*, attorney, and *Walter C. Anthony*, counsel, for defendant and appellant.

1st. The appeal being to the general term, the special term had no power to dismiss it (*Barnum* agt. *Seneca County Bank*, 6 *How.*, 82 ; 1 *Code Rep.* [*N. S.*], 405).

2d. The appeal was dismissed because the notice of appeal was not served in time. It was served on the thirty-second day on the respondent's attorney and on the county clerk.

The respondent's attorney admitted due service thereof. This was a waiver of the right to object that it was not served in time (*Streever* agt. *Ocean Ins. Co.*, 9 *Abb.*, 23 ; 2 *Hilton*, 475).

3d. There was a delay of five months before moving to dismiss the appeal. The *motion* should have been denied for that reason (*Stevenson* agt. *McNitt*, 27 *How.*, 335).

4th. The admission of service was a *submission* to the jurisdiction of the tribunal whose right to the appeal, his motion to dismiss *questioned ;* and that motion should, therefore, have been denied (*Pearson* agt. *Lovejoy*, 53 *Barbour*, 411, *and cases there cited ;* 27 *Barbour*, 343).

*Wm. John McDonald*, attorney, and *S. E. Dimmick*, counsel, for plaintiff and respondent.

1st. The appeal *must* be taken within thirty days after written notice of the judgment shall have been given to the party appealing (*Code of Procedure, section* 332).

2d. The appeal *must* be made by the service of a notice in writing on the adverse party *and on the clerk*, with whom the judgment is appealed from is entered (*Code, section* 327).

3d. The notice of appeal must be *served on the clerk* as

Waring agt. Senior.

well as respondent within the thirty days (*Code, section* 327; *Westcott* agt. *Pratt,* 1 *Code Rep.,* 332).

4th. If it is not, the appeal is a nullity (*Morris* agt. *Morange,* 26 *How.,* 86, *and* 17 *Abb.,* 86).

5th. The plaintiff's attorneys' admission of due service of the notice on him after time is not a waiver of the service on the clerk. His consent to receive the notice of appeal is not a waiver of his right to demand the notice of appeal should be served on the clerk within the thirty days. Nor is it an agreement to the submission of the action to an appellate tribunal.

6th. The special term is the proper and only place at which a motion to dismiss an appeal on the above grounds can be made.

Order appealed from affirmed, with ten dollars costs.

Before all the judges. No opinion given.